IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02597-BNB

CHARLIE JAMES GRIFFIN, JR.,

    Plaintiff,

v.

MR. A. W. ZAVARAS, Executive Director,
MR. JOE ORTIZ, Director of Correction, et al.,
MR. JAMES ABBOTT, Warden of C.T.C.F.,
MR. JOHN SUTHERS, Attorney General,
MR. ALLEN F. STANLEY, Chairman,
MR. CURTIS W. DEVIN, Vice Chairman,
MRS. DEBORAH C. ALLEN,
MR. MATTHEW J. RHODES,
MR. JOHN B. ROSEN, and
MRS. SHARON BARTLETT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 5 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Charlie James Griffin, Jr., initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. On December 17, 2008, Mr. Griffin filed an amended Prisoner Complaint. Despite his use of the Court's Prisoner Complaint form, it does not appear that Mr. Griffin is incarcerated. On December 19, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Griffin to show cause why this action should not be dismissed as frivolous or malicious because the claims he is raising were considered and rejected on the merits in a prior action. On December 31, 2008, Mr. Griffin filed his response to the show cause order.

The Court must construe the amended complaint and the response to Magistrate Judge Boland's show cause order liberally because Mr. Griffin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the amended complaint and the action will be dismissed.

Mr. Griffin claims that his rights under the United States Constitution were violated when he was falsely imprisoned on an outrageous sentence following a state court criminal conviction in 1998. He also claims that the state parole board violated his constitutional rights in connection with the term of parole he served following his prison sentence. As relief Mr. Griffin seeks damages and expungement of the criminal conviction from his record.

Mr. Griffin's amended complaint in this action is nearly identical to the complaint he filed in a prior lawsuit against most of the same Defendants. *See Griffin v. Ortiz*, No. 07-cv-00179-MSK-MJW (D. Colo. July 11, 2007), *aff'd*, No. 08-1008 (10th Cir. July 8, 2008), *cert. denied*, No. 08-6160 (Nov. 3, 2008). In fact, it appears that the only difference between Mr. Griffin's amended complaint in this action and his complaint in 07-cv-00179-MSK-MJW is that Mr. Griffin has named one additional Defendant in this

action. The additional Defendant is A. W. Zavaras, the executive director of the Colorado Department of Corrections. Mr. Griffin explains in his response to Magistrate Judge Boland's show cause order that he has added Mr. Zavaras as a Defendant because he is the current executive director of the Colorado Department of Corrections. The other eight Defendants listed in the amended complaint were the named Defendants in 07-cv-00179-MSK-MJW. The Honorable Marcia S. Krieger entered an order in 07-cv-00179-MSK-MJW granting Defendants' motions for summary judgment on Mr. Griffin's claims.

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). Furthermore, the Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court has done so and finds that the claims Mr. Griffin is raising in the instant action are repetitive of the claims he raised in 07-cv-00179-MSK-MJW.

Mr. Griffin fails to provide any reasoned argument in his response to Magistrate Judge Boland's show cause order for why he should be allowed to relitigate his claims in this action. Although he alleges that he was ordered by the United States Court of Appeals for the Tenth Circuit and the United States Supreme Court to refile his case in this Court, he does not provide the Court with a copy of any such order. Therefore, the Court finds that Mr. Griffin's claims in this action are frivolous and malicious. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed as frivolous and malicious.

DATED at Denver, Colorado, this 5 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02597-BNB

Charlie James Griffin, Jr.
Prisoner No. 99115
PO Box 17454
Colorado Springs, CO 80935

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/5/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk